**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MAMADOU DOUCOURE,

                      Plaintiff,

          - against -

MATLYN FOOD, INC.,

                      Defendant.
----------------------------------------------------------X

**ORDER**

CV 07-3839 (JG) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiff Mamadou Doucoure ("Doucoure") seeks approval of a notice of pendency for dissemination to other persons similarly situated to himself pursuant to 29 U.S.C. § 216(b). Defendant Matlyn Food, Inc. ("Matlyn") objects to both the content and timing of Doucoure's proposed notice. For the reasons explained below, I now grant Doucoure leave to disseminate the attached modified notice of pendency to putative class plaintiffs.

I.    Background

Doucoure filed this action on September 13, 2007 to recover unpaid overtime compensation from Matlyn pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and New York Labor Law. *See* Docket Entry ("DE") 1 (Complaint). Doucoure alleges that he has been employed on an hourly basis as a store clerk for Matlyn since 1992, and that he currently holds the position of assistant manager. Complaint ¶ 12; DE 17 Ex. C (Affidavit of Mamadou Doucoure) ("Doucoure Aff.") ¶ 8. He further alleges that, despite "routinely" working in excess of forty hours per week, Matlyn knowingly failed to pay him for those excess hours as required by the FLSA.[1] Complaint ¶¶ 12-13, 24. He further alleges that Matlyn's "pay practices"

---

[1] Doucoure concedes that as of approximately November 12, 2006, he has been paid appropriately for all hours worked, including overtime hours at the required rate of time-and-a-half. Complaint ¶¶ 12, 26; Doucoure Aff. ¶ 13.

deprived "similarly situated hourly employees" of overtime pay to which they, too, were entitled. Complaint ¶¶ 15-16. Matlyn denies the allegations; with respect to Doucoure in particular the company asserts that he was a salaried employee rather than an hourly wage-earner, and therefore not entitled to overtime pay under the Act.

On February 6, 2008, the parties appeared before me for an initial conference. Because the case involved a potential collective action under the FLSA (rather than a class action pursuant to Fed. R. Civ. P. 23), I directed the parties to confer as to the form and content of a notice of pendency to be disseminated to putative class members, and to either circulate the notice on consent or promptly bring any disputes in that regard to my attention. *See* DE 13 (minute entry). On March 28, 2008, Matlyn filed a letter objecting to several aspects of Doucoure's proposed notice, including the time period it covered, and the scope of potential plaintiffs to whom it would be sent. DE 16.[2] Matlyn included with its submission a competing proposal that it believes is more appropriate. *Id.* Ex. C ("Matlyn's Notice"). Doucoure filed a response the following week defending his original notice and seeking approval from the court to distribute that notice to current and former Matlyn employees to whom Doucoure believes he is similarly situated. *See* DE 17 Ex. A ("Doucoure's Notice").

II.    Discussion

    A.    Applicable Law

The FLSA requires that employees be paid one and one-half times their normal wages for working in excess of forty hours per week. 29 U.S.C. § 207(a)(1). The statute exempts certain

---

[2] In a footnote in its letter, Matlyn also argued that discovery should be taken to verify certain of Doucoure's allegations prior to circulating any notice of pendency. DE 16 at 1 n.1.

employees from its overtime requirements, including "any employee employed in a bona fide executive, administrative, or professional capacity ..., or in the capacity of outside salesman ...." 29 U.S.C. § 213(a)(1). However, because the FLSA is a remedial act, "its exemptions ... are to be narrowly construed", and the employer bears the burden of establishing that the claimed exemption applies to its employees. *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991) (citation omitted).

An employee claiming that the employer has violated the FLSA's overtime provisions may bring a lawsuit "for and in behalf of himself ... and other employees similarly situated." 29 U.S.C. § 216(b). Such other employees can become plaintiffs, and thereby be bound by the action's determination, only by affirmatively acting to do so: "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*. The question can thus arise as to what steps, if any, the plaintiff who commences the action can and should take to alert other potential plaintiffs of the action's pendency and their opportunity to join it before their respective claims become time-barred.[3]

A court may, but need not, authorize such notification, and direct an employer defendant to disclose the names and addresses of similarly situated potential plaintiffs. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Braunstein v. E. Photographic Lab., Inc.*, 600 F.2d 335, 336 (2d Cir. 1979). The threshold issue in deciding whether to authorize such "opt-in"

---

[3] Claims of willful violations are subject to a three year statute of limitations under the FLSA. 29 U.S.C. § 255(a). The limitations period is tolled with respect to other potential plaintiffs only if they consent to join the lawsuit. *Hoffman v. Sbarro*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) (citing *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528-529 (S.D.N.Y. 1980)); *see* 29 U.S.C. § 256.

notice is to determine whether other employees to whom such notice might be sent are "similarly situated." *Hoffman*, 982 F. Supp. at 261.

Although neither the FLSA nor its implementing regulations defines the term "similarly situated," plaintiffs need only make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id*. (citations omitted). This burden "is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" *Id*. That this burden is significantly less exacting than the matters that must be demonstrated to sustain certification of a class under Federal Rule of Civil Procedure 23 – numerosity, commonality, typicality, and adequate representation – makes sense. The FLSA's opt-in provision simply provides an opportunity for potential plaintiffs to join the action but does not bind those who do not; by contrast, the "opt-out" regime under Rule 23 does bind absent class members who nevertheless are deemed to have had adequate opportunities to participate in the action brought on their behalf. *See id*. at 263 (citations omitted); *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 482 (E.D.N.Y. 2001).

B. The Proper "Opt-In" Period Is Three Years From The Date Of The Notice

Doucoure argues that the notice of pendency should be provided to any employee similarly situated to Doucoure who worked at Matlyn in the three-year period prior to the filing of the instant complaint on September 13, 2007. DE 17 at 2. Matlyn raises no dispute as to the beginning date of that period – that is, it appears to be content to have the notice provided to similarly situated employees (if any) whom it employed as far back as September 13, 2004 – but it does object to setting the ending date for the relevant period as the date on which Doucoure

filed his complaint. Matlyn argues that Doucoure conceded in the complaint that Matlyn has paid him for all hours he worked since August 2006, and therefore that he is not an appropriate representative for anyone seeking to recover damages after that date. DE 16 at 1. I conclude that neither party is correct, and that the appropriate period is three years prior to the date of the notice itself.

Doucoure's well-pleaded allegations that Matlyn willfully violated the FLSA are sufficient to trigger the three year statute of limitations. *See* 29 U.S.C. § 255(a); Complaint ¶¶ 24-25. For any similarly situated employee who seeks to join in this collective action, the date of the notice is significant to the limitations period, but the date of Doucoure's complaint is not. *See* 29 U.S.C. § 256(b) (a collective action under the FLSA is commenced with respect to a party not named in the complaint on the date she files written consent with the court to opt-in); *Anglada v. Linens' 'N Things, Inc.*, Slip Copy, 2007 WL 1552551, at *9 (S.D.N.Y. May 29, 2007) (it is more in keeping with § 256(b) to construe the limitations period as beginning to run three years prior to the date of the notice rather than on the date on which the complaint was filed) (citing *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 98 (S.D.N.Y. 2003) (relying on the date on which the collective action notice was issued)). Any employee similarly situated to Doucoure who worked for Matlyn within three years of the date of the notice should therefore be provided with notice of the instant lawsuit and of the opportunity to opt into it as a plaintiff.[4]

---

[4] The parties are of course free to go back even farther in time and disseminate the notice to persons who worked for Matlyn as early as September 2004 but whose employment ended more than three years before the date of the notice. However, it would appear that providing notice to such employees would serve no useful purpose as any FLSA claims they might have had are now time-barred.

C. Doucoure's Proposed Class Is Appropriate And The Notice May Be Sent Without Further Discovery

Doucoure proposes to send the notice of pendency to the following putative class members:

> [A]ny and all employees who have worked at MATLYN in New York State at any time within the last three years or who are currently employed there if they:
>
> 1. Were employed as an hourly employee; and
>
> 2. Did not receive overtime compensation at the rate of time and one-half for any work they performed in excess of 40 hours each week.

Doucoure's Notice at 2. Matlyn raises several objections to Doucoure's proposed class. Specifically, it argues that Doucoure was an exempt employee, and, even if he was mis-classified as such, he is only "similarly situated" to other employees Matlyn treated as exempt. DE 16 at 2. Matlyn further claims that because Doucoure worked full-time, he is not similarly situated to part-time employees. *Id.* Finally, Matlyn argues that Doucoure has not provided evidence sufficient to establish that Matlyn failed to pay any employee other than himself for overtime work. *Id.* at 1 n.1. Because the allegations in the Complaint are sufficient to state a cause of action under the FLSA and adequate to maintain the case as a collective action, and because Matlyn's objections are premature, Doucoure may circulate the attached modified notice of pendency to his proposed class.

Doucoure alleges that he worked as an hourly employee for Matlyn; that both he and similarly situated employees regularly worked in excess of forty hours per week; and that Matlyn employed a practice of knowingly failing to pay them for that work in violation of the FLSA. Complaint ¶¶ 12-13, 15-16, 24. Those well-pleaded allegations are sufficient to satisfy

Doucoure's burden at this stage. *See Hoffman*, 982 F. Supp. at 261 (citing *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (at the preliminary notice stage, "plaintiffs are only required to demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme.")); *see also Hallissey v. Am. Online, Inc.*, Slip Copy, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) (a plaintiff can satisfy this requirement by relying on his own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members) (citing *Anglada*, 2007 WL 1552511, at *4). I therefore grant Doucoure leave to circulate the attached notice of pendency – a copy of Doucoure's Notice which I have modified consistent with this order – to other persons similarly situated to himself pursuant to 29 U.S.C. § 216(b).[5]

As to Matlyn's argument that discovery should be taken prior to circulating the notice to determine the factual accuracy of Doucoure's well-pleaded allegations, I disagree for two reasons. First, circulating the notice now is "a means of facilitating the Act's broad remedial purpose and promoting efficient case management." *Hoffman*, 982 F. Supp. at 262 (citing *Braunstein*, 600 F.2d at 336). In particular, early notice will help to preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case.

Second, the preliminary determination I now make does not prejudice Matlyn precisely because it is preliminary. It may be revisited if it later appears, after appropriate discovery, that the additional plaintiffs who opt to join the lawsuit, if any, are not similarly situated to Doucoure.

---

[5] I have modified Doucoure's Notice in two respects: to make clear that similarly situated employees who worked for Matlyn within three years of the date of the notice may opt-in to the instant lawsuit; and to correct several minor grammatical and typographical errors.

*Gjurovich*, 282 F. Supp. 2d at 96 (citation omitted); *see also Rodolico*, 199 F.R.D. at 484 ("the Court has discretion to create subclasses or to dismantle the collective action"). Matlyn's factual objections are better addressed at the conclusion of discovery, and my decision preserves its ability to raise these concerns in advance of any ruling by the district court permitting the plaintiffs to proceed to trial as a class.

III.     Conclusion

For the reasons set out above, I find that Doucoure has made the modest factual showing needed to support a preliminary determination that there may be others similarly situated to himself who should be notified of their opportunity to join this suit as plaintiffs. I therefore grant him leave to disseminate the attached modified notice of pendency to any and all employees who have worked at Matlyn in New York State at any time within the last three years or who are currently employed there if they: 1) are or were employed as an hourly employee; and 2) did not receive overtime compensation at the rate of time and one-half for any work they performed in excess of forty hours each week.

**SO ORDERED.**

Dated: Brooklyn, New York
          April 15, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge